**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KEVIN N. HOUSEN,

    Plaintiff,

vs.                                                     CASE NO. 3:12-cv-461-J-34TEM

ECONOSWEEP & MAINTENANCE
SERVICES, INC. and NATHAN SPAULDING,

    Defendants.
_____

## **REPORT AND RECOMMENDATION**[1]

This case is before the Court on the Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. #52, "Joint Motion"), filed April 18, 2013. The Joint Motion has been referred to the undersigned for a report and recommendation (*see* Doc. #46, Order of Administrative Closure and Reference).

This case was brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et. seq.* The parties have reached an agreement to settle this litigation and seek Court approval of the agreement, which has been separately drafted and filed for each of the named Plaintiffs. Joint Motion at Exs. A-D. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the

---

[1]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." Judicial review is required because the FLSA was meant to protect employees from substandard wages and oppressive working hours, and to prohibit the contracting away of their rights. *Id.* at 1352. Before approving a FLSA settlement, the court must review it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Additionally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 Fed. Appx. 349, 351 (11th Cir. 2009) (per curiam).[2]

Having reviewed the settlement agreements, the Court finds each one is a fair and reasonable compromise of a bona fide dispute between parties represented by competent counsel. *See Lynn's Food Stores*, 679 F.2d at 1354-55. Considering the parties' representations regarding their investigation and exchange of information, as well as the disputed issues, the Court finds that by compromising their wage claims, Plaintiffs have not impermissibly waived any statutory rights under the FLSA. *See id.* at 1354.

The Court further finds that the agreed-upon fee and costs to be paid to Plaintiffs' counsel was determined independently, did not affect the payment to Plaintiffs, and

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

otherwise appears to be reasonable.  Therefore, the Court need not separately consider the reasonableness of the fee to be paid to Plaintiff's counsel.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."); s*ee also Hernandez v. Avalon Grp. Se., LLC*, No. 6:12-cv-99-Orl-22TBS, 2012 WL 4052351, at *3 (M.D. Fla. Aug. 28, 2012), adopted at 2012 WL 4052345 (finding the amount of fees agreed upon by the parties "within the range of reason" without documentation or testimonial support); *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) ("[A]n in depth analysis [of the reasonableness of attorneys fees] is not necessary unless the unreasonableness is apparent from the face of the documents.").

However, the settlement agreements contain confidentiality clauses that the Court finds to be inappropriate.  Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment.  *See*

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010); *Valdez v. T.A.S.O. Props., Inc.*, No. 8:09-cv-2250-T-23TGW, 2010 WL 1730700, at *1 n.1 (M.D. Fla. Apr. 28, 2010) (holding FLSA settlement agreements which include non-disparagement provisions, "contemplate judicially imposed 'prior restraint[s]' in violation of the First Amendment").  Additionally, the confidentiality provisions are, at least in part, unenforceable due to the public filing of the agreements.  See *Webb v. CVS Caremark Corp.*, No. 5:11-cv-106(CAR), 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (denying approval of settlement agreement that contained confidentiality clause because the provision was unenforceable by virtue of its public filing and contravened the legislative purpose of the FLSA).  Therefore, the undersigned recommends these provisions be stricken.  In the alternative, the Court need not approve the settlement agreements as a whole or reserve jurisdiction to enforce such agreements.  *See, e.g., Martinez v. Mills Ave. Octopus Car Wash, Inc.*, No. 6:12-cv-448-Orl-22KRS, 2012 WL 3041103, at *2 (M.D. Fla. July 23, 2012), adopted at 2012 WL 3043103 (recommending the district court approve settlement as fair and reasonable, but recommending the district court not approve the settlement agreement as a whole or reserve jurisdiction to enforce the settlement agreement where agreement contained confidentiality provision).

Accordingly, upon due consideration, it is respectfully **RECOMMENDED** the Court find the settlement agreements to be "fair and reasonable resolution of bona fide disputes over FLSA provisions," the Joint Motion for Approval of Settlement Agreements (Doc. #52) be **GRANTED in part**, and the case be dismissed with prejudice.

**DONE AND ENTERED** at Jacksonville, Florida this 24th day of May, 2013.

Copies to:

The Hon. Marcia Morales Howard

All Counsel of Record

THOMAS E. MORRIS
United States Magistrate Judge